Filed 1/19/21  P. v. Fielder CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B305966 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA051505) |
| v. | |
| ROBERT FIELDER, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Teri Schwartz, Judge.  Affirmed.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Charles S. Lee, Deputy Assistant Attorney General, and Heidi Salerno, Deputy Attorney General, for Plaintiff and Respondent.

_____

Robert Fielder appeals the trial court's summary denial of his petition for resentencing on his second degree murder conviction pursuant to Penal Code section 1170.95,[1] a provision added by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (SB 1437).  We affirm.

## BACKGROUND

In 2015, Fielder pled guilty to the second degree murder of Elvia Romero and was sentenced to 15 years to life.  (§ 187, subd. (b)(1); § 186.22, subd. (b)(1).)  He filed a form section 1170.95 petition on February 6, 2020, declaring he was neither a direct aider and abettor in the murder nor a major participant who acted with reckless indifference to human life.  He failed to check a box stating he was not the actual killer.

He attached two letters to his petition.  One was a 2005 letter written by a deputy district attorney requesting secure housing for Fielder.  In it, she explained Fielder "admitted he shot Elvia Romero" at the direction of fellow gang members.  Romero died of a heart attack after being shot in the hip and leg.  Fielder testified against a codefendant in a separate trial.

The second letter was stamped received by the Board of Parole Hearings on September 14, 2016.  It was submitted by one of the two detectives assigned to Fielder's case.  She explained the circumstances leading up to the shooting, and said the victim "Elvia [Romero] grabbed on to Fielder and he fired a shot which entered her knee."  She died of a heart attack she suffered during the shooting.  The detective said during Fielder's plea proffer, "he admitted shooting Elvia Romero" and agreed to testify truthfully

---

[1]     Undesignated statutory citations refer to the Penal Code.

2

at his codefendant's trial.  According to the detective, he did, in fact, testify truthfully in that trial.

The trial court denied Fielder's section 1170.95 petition without appointing him counsel or holding a hearing.  It explained:  "On January 31, 2015, [Fielder] entered a plea of guilty for the second degree murder of Elvia Romero as part of an agreed upon disposition with the prosecution.  He admitted shooting the victim in a later trial of his co-defendant.  [¶] [Fielder] has not demonstrated eligibility for relief pursuant to [section 1170.95, subd. (c)], because he has not made a prima facie showing that he falls within the provisions of the statute."

## DISCUSSION

Effective January 1, 2019, SB 1437 addressed "certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending . . . sections 188 and 189" and by adding "section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions.  (Stats. 2018, ch. 1015, §§ 2–4.)"  (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722–723 (*Martinez*).)  In short, SB 1437 "was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'  (Stats. 2018, ch. 1015, § 1, subd. (f).)"  (*Martinez,* at p. 723.)

Section 1170.95 creates a multi-step procedure for a defendant to petition for resentencing pursuant to SB 1437.

A defendant may petition for resentencing if he or she was "convicted of felony murder or murder under a natural and probable consequences theory" and the following conditions are met: "(1) A charging document was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) The petitioner was convicted of first or second degree murder following trial or an accepted plea; and (3) The petitioner could 'not be convicted of first or second degree murder because of changes to Section[s] 188 or 189' made by Senate Bill No. 1436. (§ 1170.95, subd. (a).) [¶] Under section 1170.95, subdivision (b), the petition must include: a declaration from the petitioner that he or she is eligible for relief under the statute, the superior court's case number and year of conviction, and a statement as to whether the petitioner requests appointment of counsel. (§ 1170.95, subd. (b)(1).) If any of the required information is missing and cannot 'readily [be] ascertained by the court, the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135–1136 (*Lewis*), rev. granted, Mar. 18, 2020, S260598.)

Section 1170.95, subdivision (c) sets forth the procedure once the defendant files a complete petition: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines

4

shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Should the court issue an order to show cause, it must hold a hearing to determine whether to vacate the murder conviction. (§ 1170.95, subd. (d).)  If the court vacates the murder conviction, the court must resentence the defendant on the remaining counts, or if no target offense was charged, "the petitioner's [murder] conviction shall be redesignated as the target offense or underlying felony for resentencing purposes."  (§ 1170.95, subd. (d)(3), (e); see *Lewis, supra,* 43 Cal.App.5th at pp. 1136–1137.)

We follow the cases interpreting section 1170.95, subdivision (c) to permit a trial court to summarily deny a petition without appointing counsel when the defendant fails to make a prima facie showing of eligibility for resentencing. (*People v. Falcon* (2020) 57 Cal.App.5th 272, 276 [citing cases]. In doing so, the court may consider the record of conviction. (*Ibid.*)

Fielder contends the trial court improperly engaged in judicial factfinding at the prima facie stage by considering his testimony from his codefendant's trial, which was not part of his record of conviction.  (See, e.g., *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*) [court may not engage in factfinding at prima facie stage of section 1170.95 review].) We disagree.  There is no indication the trial court actually reviewed or considered any records from the separate trial or engaged in any judicial factfinding.  Instead, in the 2005 letter Fielder submitted with his petition, the deputy district attorney explained Fielder admitted he shot Romero and agreed to testify truthfully at his codefendant's trial, which he did.  The trial court

could have inferred his "truthful" testimony included his admission he shot Romero without examining the trial transcript from the codefendant's trial.

If Fielder is suggesting the trial court erred in considering the letters he presented, he invited the error by submitting them as part of his petition. As exhibits attached to Fielder's petition, we presume he adopted the facts set forth in the letters as true. (See *Drayton, supra,* 47 Cal.App.5th at p. 980 [presuming facts set forth in section 1170.95 petition are true]; see also *People v. Garcia* (2020) 57 Cal.App.5th 100, 112, (*Garcia*) [trial court properly considered prior appellate opinion in part because "the opinion was attached as 'Exhibit A' to appellant's petition"].) Fielder cannot now claim the court was barred from considering exhibits he submitted to support his prima facie case for resentencing. (See *People v. Flinner* (2020) 10 Cal.5th 686, 723, [defendant "cannot claim error in admission of evidence he elicited"].)

Nor does Fielder contend the factual statements in the letters were inaccurate. He argues a factual dispute existed because the letters stated Romero died of a heart attack during the shooting, not from the gunshot wounds. He does not explain how that demonstrates he lacked the intent to kill or transforms the basis for his plea into either felony murder or aiding and abetting on a natural and probable consequences theory of murder eliminated by SB 1437. He is simply urging the court to relitigate the causation element of the murder case against him. (See *Garcia, supra,* 57 Cal.App.5th at p. 105 [In passing SB 1437, "the legislature surely did not intend that appellant would be entitled to an evidentiary hearing to retry the underlying criminal case against him."].)

Finally, if the court engaged in improper judicial factfinding, any error was harmless. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 678 [applying reasonable probability standard to assess section 1170.95 error].) Nothing suggested the prosecution intended to pursue felony murder or aiding and abetting based on natural and probable consequences. Fielder was charged with first degree murder with malice aforethought, along with special circumstances of gang murder and murder by means of lying in wait, both of which required intent to kill. (§ 190.2, subds. (a)(15), (22).) He was also charged with conspiracy to commit murder, and as part of the overt acts of the conspiracy, it was alleged Fielder and his coconspirators went to Romero's house intending to kill her granddaughter. They dragged Romero out of the house and shot her. Both letters Fielder submitted with his petition confirmed he was the shooter. He failed to check the box in his form petition saying he was not the actual killer. If Fielder was to be tried and convicted, it would have been on a theory of murder that remained valid after SB 1437. He was not entitled to resentencing as a matter of law.

## DISPOSITION

The order is affirmed.

BIGELOW, P. J.

We Concur:

STRATTON, J.            WILEY, J.

7